# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JENESSA M. GRISSON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-02988 |
| HALSTED FINANCIAL SERVICES, LLC and NATIONAL CREDIT ADJUSTERS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant, | |

## COMPLAINT

NOW comes JENESSA M. GRISSON ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HALSTED FINANCIAL SERVICES, LLC. ("HFS") and NATIONAL CREDIT ADJUSTERS, LLC ("NCA") (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the District of Colorado and a substantial portion the events or omissions giving rise to the claims occurred within the District of Colorado.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Denver, Colorado, which is located within the District of Colorado.

5.  HFS is a limited liability company with its principal office located at 8001 N Lincoln Ave, Suite 500, Skokie, Illinois 60077. HFS uses the mail and telephone for the principal purpose of collecting debts owed to others from consumers on a nationwide basis, including consumers in Colorado.

6. NCA is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers." NCA is a limited liability company organized under the laws of Kansas and its principal office located at 300 N Madison St., Hutchinson, Kansas 67501.

7. NCA is HFS's principal. Consequently, NCA is liable for HFS's actions as it exercises control over HFS's conduct. *See Clark v. Capital Credit & Collection Servs., Inc*., 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSES OF ACTION

10. This actions stems from Defendants' attempts to collect upon a default consumer obligation ("subject matter consumer debt") purchased by NCA.

11. Upon information and belief, NCA purchased the subject consumer debt after Plaintiff defaulted to the original creditor.

12. Subsequently, NCA placed the subject consumer debt with HFS for collection.

13. In August 2020, Plaintiff began receiving collection calls to her cellular phone, (586) XXX-5630 from HFS collecting on behalf of NCA.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5630. Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. HFS has primarily used the phone number (586) 333-4112 when placing collection calls to Plaintiff's cellular phone.

16. Upon information and belief, HFS has used other phone numbers during its debt collection activity as well.

17. On August 17, 2020, HFS placed at least one collection call to Plaintiff at 6:31 am MST.

18. Plaintiff resided in and was located in Denver, Colorado when she received the collection call from HFS on August 17, 2020.

19. HFS collection call was placed early on a Monday morning and awoke Plaintiff from her sleep prior to going to work.

20. Frustrated over HFS's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by HFS's actions.

22. Plaintiff has suffered concrete harm as a result of HFS's actions, including but not limited to, loss of sleep, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the call, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendants are "debt collectors" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a. Violations of the FDCPA, §1692c and §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. Defendants violated §1692c(a)(1), d, and d(5) when they called Plaintiff outside of permissible collections times seeking payment of the subject consumer debt.  On August 17, 2020 Defendants willfully placed a collection call to Plaintiff at 6:31 am MST.  Calling a consumer before 8:00 is a violation of the FDCPA.   Defendant knew that Plaintiff resided in Colorado and was thus on Mountain Standard Time.  They willfully and knowingly contacted Plaintiff's outside of permissible collection times with the goal of annoying and harassing Plaintiff.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on the subject consumer debt by placing a collection call outside of permissible collection times. Attempting to collect on the subject consumer debt outside of permissible collection times

is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

32. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendants' illegal actions.

WHEREFORE, Plaintiff JENESSA M. GRISSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 5, 2020

s/ Nathan C. Volheim

Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the District of Colorado
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com